Washiradusit v Athonvarangkul (2020 NY Slip Op 03562)





Washiradusit v Athonvarangkul


2020 NY Slip Op 03562


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-07304
 (Index No. 25637/11)

[*1]Leelanut Washiradusit, appellant,
v
Boonchai Athonvarangkul, respondent.


Sally M. Gard, P.C., New York, NY, for appellant.
Greenberg & Merola, LLP, Baldwin, NY (Hayley Greenberg of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), dated April 27, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was to enforce a postnuptial agreement between the parties dated November 18, 2002, and denied that branch of her cross motion which was, in effect, to set aside the postnuptial agreement.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to enforce a postnuptial agreement between the parties dated November 18, 2002, is denied, and that branch of the plaintiff's cross motion which was, in effect, to set aside the postnuptial agreement is denied as academic.
The parties were married in February 2001 and subsequently purchased certain real property in Woodside (hereinafter the property). Prior to the closing, the parties entered into a "Property Agreement" dated November 18, 2002 (hereinafter the postnuptial agreement). The postnuptial agreement required the parties to put the property up for sale "no later than 90 days after filing by either party for divorce or separation," and provided that the parties would split 50/50 any proceeds remaining after satisfaction of the mortgage and other costs.
In November 2011, the plaintiff commenced this action for a divorce and ancillary relief. The defendant answered the complaint, seeking spousal maintenance and counsel fees. No claims were asserted in the pleadings regarding the postnuptial agreement. In October 2016, the defendant moved, inter alia, to enforce the postnuptial agreement. In opposition, the plaintiff asserted that the defendant's claim to enforce the postnuptial agreement was time-barred pursuant to Domestic Relations Law § 250. Alternatively, the plaintiff cross-moved, among other things, in effect, to set aside the postnuptial agreement as unconscionable. The Supreme Court granted that branch of the defendant's motion which was to enforce the postnuptial agreement, and denied that branch of the plaintiff's cross motion which was, in effect, to set aside the postnuptial agreement as unconscionable. The plaintiff appeals.
Contrary to the Supreme Court's determination, the six-year statute of limitations that pertains to breach of contract causes of action (see CPLR 213[2]) is not applicable. Rather, the [*2]applicable statute of limitations is provided for in Domestic Relations Law § 250. Pursuant to Domestic Relations Law § 250, the statute of limitations for claims arising from prenuptial and postnuptial agreements is three years and that period is tolled, as relevant here, until process has been served in a matrimonial action. The language of the statute makes it broadly applicable to claims arising from prenuptial and postnuptial agreements, such that it applies equally where a party seeks to invalidate the agreement and where a party seeks to enforce it (see Domestic Relations Law § 250[1]; Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Domestic Relations Law C250).
Here, the defendant did not assert his claim to enforce the postnuptial agreement until more than 4½ years after he was served with process in the matrimonial action. Accordingly, the defendant's claim is untimely, and should have been rejected.
Further, since the defendant is no longer entitled to enforce the postnuptial agreement, that branch of the plaintiff's cross motion which was, in effect, to set aside the agreement as unconscionable should have been denied as academic.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court